UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| In re: <br><br> Consolidated Energy Holdings, LLC, <br><br> *Debtor*. | Case No. 15-80199 <br><br> Chapter 11 <br><br> (Substantive Consolidation Requested) |
| In re: <br><br> Vanguard Synfuels, L.L.C., <br><br> *Debtor*. | Case No. 15-80200 <br><br> Chapter 11 <br><br> (Substantive Consolidation Requested) |
| In re: <br><br> Port Asset Acquisition, LLC, <br><br> *Debtor*. | Case No. 15-80201 <br><br> Chapter 11 <br><br> (Substantive Consolidation Requested) |

**MOTION FOR ORDER UNDER BANKRUPTCY RULE 1015(B)
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

**NOW INTO COURT**, through undersigned counsel, comes Consolidated Energy Holdings, LLC ("CEH"), Vanguard Synfuels, L.L.C. ("Vanguard"), and Port Asset Acquisition, LLC ("PAAL", and together with CEH and Vanguard, collectively, "Debtors"), who file this motion for the entry of an order under FED. R. BANKR. P. 1015(b) granting joint administration of their respective chapter 11 cases and 11 U.S.C. § 105(a). In support, Debtors represent:

1. This Court has jurisdiction over this motion under 28 U.S.C. § 1334. This matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The authority for the relief requested herein is FED. R. BANKR. P. 1015(b) and 11 U.S.C. § 105(a).

3. On this date (the "Petition Date"), each of the above-captioned debtors filed a voluntary petition for relief under to chapter 11 of title 11 of the Bankruptcy Code. No creditors' committee has yet been appointed in these cases by the United States Trustee. No trustee has been requested or appointed.

4. Debtors intend to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. However, Debtors have filed, or intend to file, a motion to substantively consolidate these chapter 11 cases. This motion is designed to deal within the interim – the time period between the Petition Date and the Court's ruling on the substantive consolidation motion.

**Background**

5. CEH is a Louisiana limited liability company.

6. Vanguard and PAAL are also Louisiana limited liability companies.

7. CEH is the sole member of Vanguard and PAAL, i.e., Vanguard and PAAL are wholly-owned subsidiaries of CEH.

8. Vanguard owns and operates a biodiesel production facility in Pollock, LA.

9. PAAL owns and operates a fuel service and storage facility at the Port of Alexandria, LA (the "Port").

10. The overall mission of CEH was to own and operate multiple renewable energy projects that utilize the many sources of biomass available in the State of Louisiana and the Gulf Coast region.

11. CEH intended to operate its refining and distribution assets by using the most economic feedstock and transport methods.

12. CEH's initial investors began acquiring and developing assets in July 2003 with the goal of producing renewable fuels and energy from various biomass sources.

13. The Vanguard biodiesel refinery was originally an ammonia plant built by Farmland Industries in the late 1970s.

14. Due to rising natural gas prices, the plant ceased operations in 2001.

15. In 2003, members of CEF purchased the site out of bankruptcy and converted the facility from an ammonia plant to alternative fuel production.

16. Following re-engineering and construction work in 2005, the refinery was sold by Vanguard's predecessors to Allegro Biodiesel in 2006.

17. In September 2008, the plant was repurchased from Allegro by Vanguard.

18. In February 2008, PAAL purchased an option from Allegro Biodiesel to purchase the fuel service and storage facility at the Port, then owned by Petron.

19. In September 2008, PAAL formed CEH to repurchase the Vanguard biodiesel refinery in Pollock, LA, originally owned by Allegro Biodiesel.

20. As part of this transaction, PAAL equity holders exchanged PAAL equity interest from CEH equity interests.

21. Since the organization's formation, Debtors have operated on a consolidated basis.

22. CEH serves as the holding and management company, with Vanguard and PAAL serving as division within the corporate structure.

23. The organization's employees are employed by CEH.

24. CEH employs numerous persons.

25. Revenues from PAAL and Vanguard are distributed to CEH, which makes contributions to its wholly-owned subsidiaries as needed.

26. CEH pays PAAL's and Vanguard's expenses.

27. The companies have filed consolidated tax returns.

28. The companies maintain consolidated accounting.

29. Because the companies' taxes and accounting are consolidated, CEH, PAAL and Vanguard intended to file a motion for extension of time to file schedules / SOFA and file consolidated schedules / SOFA.

30. Because of Debtors' consolidated financial accounting, Debtor's financial affairs are jumbled. As such, potential conflicts may arise therefrom. For instance, cash received from Vanguard may have been used to pay PAAL's lease obligations. This might create a "due from" PAAL vis-à-vis CEH.

31. CEH's managers manage Vanguard and PAAL.

32. The companies' major debt holders' claims are cross-collateralized (as discussed below).

33. In October 2010, CEH borrowed the principal amount of $9 million in U.S. Department of Agriculture ("USDA") guaranteed financing from Union Bank.

34. Vanguard and PAAL granted Union Bank a security interest in the biomass refinery and port facility.

35. Subsequently, CEH borrowed the principal sum from BOKF, NA d/b/a Bank of Oklahoma, not individually, but as trustee for investors ("BOKF").

4

36. Vanguard and PAAL granted BOKF a security interest in the biomass refinery and port facility.

37. However, through a subordination agreement with Union Bank, up to $1 million of BOKF's security interest is senior to Union Bank's security interest.

38. The Union Bank and BOKF debt is cross-collateralized.

39. Most of the organization's debt is incurred through Vanguard.

40. Notwithstanding the Union Bank and BOKF debts, PAAL's debt primarily (if not entirely) consists of a lease with the Port and license fees due to the Port.

41. Aside from the Union Bank and BOKF debts, the companies vis-à-vis Vanguard have approximately $ 1 million in unsecured debt.

42. When CEH's mission was formulated, ethanol prices were on the rise.

43. However, a recent spike in U.S. ethanol supplies caused ethanol prices to plummet to four-year lows at the end of 2014.

44. Ethanol makers began to start cutting production in response to weaker profit margins.

45. What is more, tumbling crude oil prices hurt CEH's operations. Cheaper crude oil prices meant that ethanol producers were receiving less from refiners to blend the corn-based fuel additive into gasoline.

46. These bankruptcy cases were precipitated by the sharp decrease in ethanol prices.

### **Relief Requested**

47. By this motion, Debtors request entry of an order authorizing joint administration of their chapter 11 cases for procedural purposes, with CEH's case as the lead case.

48. Section 105 of the Bankruptcy Code provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

49. FED. R. BANKR. P. 1015(b) provides, in relevant part, that: "[i]f… two or more petitions are pending in the same court by or against (1) … (4) a debtor and an affiliate, the court may order a joint administration of the estate". FED. R. BANKR. P. 1015(b). The Debtors are "affiliates" of as that term is defined in 11 U.S.C. § 101(2).

50. Consistent with the practices of this district and other districts, if the Court authorizes joint administration, the number of the lowest numbered bankruptcy case is to be captioned first and the caption of the lowest numbered case is to serve as the identifying caption. In order to optimally and economically administer these pending chapter 11 cases, these chapter 11 cases should be jointly administered, for procedural purposes, under the case number assigned to CEH. *See In re Nukote Int'l, Inc.*, 09-06240 (Bankr. M.D. Tenn. 6/5/09); *In re Total Fitness Systems, LLC*, 06-07270 (Bankr. M.D. Tenn. 12/20/06); *In re Equity Media Holding Corp.*, 08-17646 (Bankr. E.D. Ark. 1/8/09); *In re La. Riverboat Gaming P'ship*, 08-10824 (Bankr. W.D. La. 3/12/08); *In re Communications Corp. of Am.*, 06-50410 (Bankr. W.D. La. 6/7/06); *In re OCA, Inc.*, 06-10179 (Bankr. W.D. La. 3/16/06).

51. The rights of the respective creditors of Debtors will not be adversely affected by joint administration of these cases because this motion requests only administrative consolidation of the estates, and Debtors are not by this motion seeking substantive consolidation.[1] Until the Court rules on Debtors' motion for substantive consolidation, Debtors request that single docket

---

[1] However, Debtors have filed, or intend to file, a motion to substantively consolidate their bankruptcy estates. This motion is designed to deal with the interim – the time period between the Petition Date and the Court's ruling on the substantive consolidation motion.

6

sheets be maintained for all matters occurring in these cases, and that they be authorized, but not required, to use combined service lists and notices to creditors. Notwithstanding the entry of an order granting the relief requested by this motion and the pending substantive consolidation motion, separate claims registers shall be maintained and each creditor shall file a proof of claim against a particular Debtor's estate. Thus, the rights of all creditors will be enhanced by the reduced costs resulting from joint administration. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be simplified.

52. The interests of Debtors and their creditors would be best served by joint administration of the above-captioned cases. Accordingly, until the Court rules on Debtors' motion for substantive consolidation, Debtors request that the caption of their cases be modified to reflect the joint administration of the chapter 11 cases, as follows:

UNITED STATES BANKRUPTCY COURT<br>WESTERN DISTRICT OF LOUISIANA<br>ALEXANDRIA DIVISION

| | |
|---|---|
| In re: <br><br>Consolidated Energy Holdings, LLC, et al., <br><br>                   *Debtor*. | Case No. 15-80199 <br><br> Chapter 11 <br><br> Jointly administered with: <br> No. 15-80200 <br> No. 15-80201 <br><br> (Substantive Consolidation Requested) |

53. Debtors also request that the Clerk of Court enter the following notation on the docket of each of Debtors' cases to reflect the administration of the cases:

An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Consolidated Energy Holdings, LLC (15-80199), Vanguard Synfuels, L.L.C. (15-80200), and Port Asset Acquisition, LLC (15-80201), and the docket for Consolidated Energy Holdings, LLC should be consulted for all matters affecting these jointly administered cases.

**WHEREFORE**, Debtors request that the Court enter an order (a) authorizing the joint administration of CEH, Vanguard, and PAAL chapter 11 cases under the case number assigned to CEH, and (b) granting such other relief as the Court deems just and proper.

**STEWART ROBBINS & BROWN, LLC**

By: **/s/ Ryan J. Richmond**
P. Douglas Stewart, Jr. (La. Bar No. 24661)
William S. Robbins (La Bar No. 24627)
Ryan J. Richmond (La. Bar No. 30688)
620 Florida Street, Suite 100
Baton Rouge, LA 70801-1741
Telephone: (225) 231-9998
Facsimile: (225) 709-9467
E-mail: dstewart@stewartrobbins.com
E-mail: wrobbins@stewartrobbins.com
E-mail: rrichmond@stewartrobbins.com

*Proposed Attorney for Consolidated Energy Holdings, LLC, Vanguard Synfuels, L.L.C., and Port Asset Acquisition, LLC*